IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY MAJOR,** | : | **CIVIL ACTION NO. 1:21-CV-842** |
| Petitioner | : | |
| v. | : | (Judge Conner) |
| **MARK GARMAN,** *et al.*, | : | |
| Respondents | : | |

## **MEMORANDUM**

This is a habeas corpus case under 28 U.S.C. § 2241, in which petitioner Anthony Major challenges a denial of parole by the Pennsylvania Board of Probation and Parole ("the parole board"). We will summarily dismiss the petition because the parole denial is not subject to judicial review.

### I. **Factual Background & Procedural History**

Major is a state prisoner currently incarcerated in the State Correctional Institution in Benner Township, Pennsylvania ("SCI-Rockview") pursuant to a 2006 conviction and sentence in the Delaware County Court of Common Pleas. (Doc. 1). Major became eligible for parole in approximately 2015. (Id.) Since that date, the parole board has repeatedly denied him parole. (Id.) He brings the instant petition for writ of habeas corpus to challenge the most recent denial of parole, which occurred on September 18, 2020. (Id.) He alleges that he has been denied parole based on arbitrary reasons, which he asserts violates his constitutional rights. (Id.)

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4. District courts have the discretion to apply this rule in habeas corpus cases brought under 28 U.S.C. § 2241. 28 U.S.C. § 2254 Rule 1.

## III. Discussion

Major is plainly not entitled to habeas corpus relief. His petition challenges the denial of parole by the parole board, but decisions on whether to grant or deny parole are committed to the "complete discretion" of the board and are not subject to judicial review "unless the petitioner asserts a constitutional challenge to the denial of parole or seeks a writ of mandamus to compel the Parole Board to exercise its discretion." Richards v. Pa. Bd. of Probation and Parole, 423 F.3d 282, 285 (3d Cir. 2005). The only constitutional challenge that Major makes to the denial of his parole is that the parole board allegedly relied on arbitrary factors in making its decision. But this is exactly the sort of decision that is committed to the parole board's complete discretion. See id.; Coady v. Vaughn, 770 A.2d 287, 290 (Pa. 2001) ("Absent a change in the statutes governing parole, however, denial of parole would generally constitute a discretionary matter that is not subject to review.").

Even if this court could review the parole board's discretionary decision, Major would not be entitled to habeas corpus relief. Major asserts that the parole board relied on "arbitrary" criteria to deny him parole, but he acknowledges that the parole board explicitly relied on (1) findings that he posed a risk to the

2

community; (2) findings that he performed unsatisfactorily in prior situations in which he was supervised on parole; (3) findings that he failed to demonstrate motivation for success; and (4) negative recommendations from the prosecuting attorney. (Doc. 1). Thus, it appears from Major's petition that he is seeking habeas corpus relief not because the parole board relied on arbitrary criteria, but rather because he does not like the decision that the parole board made. This is plainly insufficient to obtain habeas corpus relief.

## IV.   Conclusion

We will dismiss the petition (Doc. 1) for writ of habeas corpus with prejudice. An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   September 10, 2021